UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――――
JERMAINE BARNES,

                Plaintiff,

        -against-

NEW YORK STATE,

                Defendant.
―――――――――――――――――――――――――――――――

23-CV-1138 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is appearing *pro se*, alleges that he is a civil detainee at the Central New York Psychiatric Center. He brings this action seeking damages under 42 U.S.C. § 1983 from the State of New York for his civil confinement in a maximum security prison in 2018, and in a jail facility in 2019, after he had fully served his sentence of conviction. By order dated February 10, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.[1] For the reasons set forth in this order, the Court dismisses the action.

## STANDARD OF REVIEW

      The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must

---

[1] For purposes of the filing fee, a prisoner is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law." 28 U.S.C. § 1915(h). Plaintiff alleges that he is civilly committed, and public records indicate that his sentences for his 1989 and 1999 convictions are fully served. *See, e.g., Barnes v. Superintendent*, No. 18-CV-6555 (LLS) (S.D.N.Y. Nov. 6, 2018) ("[T]he maximum expiration date of Plaintiff's 1999 sentence was February 26, 2018, and he was "discharged" from DOCCS custody to another agency on July 25, 2018."). The Court therefore does not consider him a prisoner for purposes of the filing fee.

also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Jermaine Barnes alleges the following:

> I was wrongfully confined in maximum security prison for 5 months and in jail for 5 3/5 months, without being charged with committing any crime. I was held in Clinton C.F. from 4-26-18 to 7-25-18, in Green Haven C.F. from 2-26-18 to 4-26-18, and in Rikers Island Jail (West Facility) from 1-9-19 to 6-27-19.

2

My tort claim against New York State for the above was dismissed on 9-26-22. (ECF 2 at 4.)

Plaintiff names the State of New York as the sole defendant in this action, and he seeks $1.5 million in damages. (*Id.* at 5.)

## DISCUSSION

A.  **Eleventh Amendment Immunity**

Plaintiff's suit for damages against the State of New York, under Section 1983, cannot proceed in federal court. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*.

Congress did not abrogate the states' immunity in enacting Section 1983, and New York has not waived its Eleventh Amendment immunity to suit in federal court. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977) (New York "consents to be sued upon condition that the claimant brings suit in the [New York] Court of Claims"). The Eleventh Amendment therefore bars Plaintiff's Section 1983 claims against the State of New York from proceeding in federal court, and this suit is dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii). *See Wallace v. New York*, 40 F. Supp. 3d 278, 305 (E.D.N.Y. 2014) ("Plaintiffs cannot challenge the State's sex offender regime by asserting claims against the State itself" because the State enjoys Eleventh Amendment immunity).

B.     **Leave to Amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects unless it would be futile to do so. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Here, Plaintiff can be understood as bringing a claim that, as a civilly committed sex offender (or sex offender with pending civil commitment proceedings), he was detained in punitive conditions that violated his rights under the Fourteenth Amendment. *See, e.g., Matherly v. Andrews*, 859 F.3d 264, 274 (4th Cir. 2017) (considering claims about conditions of confinement brought by an individual who was civilly committed, as a sexually dangerous person, in U.S. Bureau of Prisons custody); *Jones v. Blanas*, 393 F.3d 918, 932 (9th Cir. 2004) (considering substantive due process claims of individual with pending sex offender civil commitment proceedings). If Plaintiff were seeking prospective injunctive or declaratory relief, he could amend his complaint to name the state officials responsible, because state officials are not immune from official-capacity claims seeking prospective injunctive or declaratory relief. *See Ex Parte Young*, 209 U.S. 123 (1908). Plaintiff's claims, however, arise from his confinement in a maximum security facility in 2018 and in a jail in 2019. He is currently housed at the Central NY Psychiatric Center, and it therefore does not appear that there is any live controversy about the punitive conditions of his confinement as to which he is seeking injunctive relief. It therefore appears that it would be futile to grant Plaintiff leave to amend his complaint because his claims for damages against the State of New York can be brought only in the New York Court of Claims. In an abundance of caution, the Court will hold this matter open on the docket for 30 days to allow him to replead these claims to seek any appropriate prospective injunctive and declaratory relief against a state official.

If Plaintiff chooses to file an amended complaint, he should include all of the information in the amended complaint that he wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed based on the State of New York's Eleventh Amendment immunity. The Court directs the Clerk of Court not to enter judgment and to hold this matter open on the docket for 30 days to allow Plaintiff to replead these claims to seek prospective injunctive and declaratory relief, if appropriate.

If Plaintiff chooses to file an amended complaint, it must be submitted to this Court's Pro Se Intake Unit within 30 days of the date of this order, be caption as an "Amended Complaint," and be labeled with docket number 23-CV-1138 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply

5

within the time allowed, and he cannot show good cause to excuse such failure, the Court will enter judgment in this action based on the State of New York's Eleventh Amendment immunity.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   February 22, 2023
         New York, New York

                                           /s/ Laura Taylor Swain
                                           LAURA TAYLOR SWAIN
                                           Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

Write the full name of each plaintiff.

-against-

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____
(Include case number if one has been assigned)

**AMENDED COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: _____

## II. PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____
First Name               Middle Initial            Last Name

_____
State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____
Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____
Current Place of Detention

_____
Institutional Address

_____
County, City                          State                    Zip Code

## III. PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced prisoner
☐ Other: _____

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 2:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 3:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 4:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

## V. STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## VI. RELIEF

State briefly what money damages or other relief you want the court to order.

## VII.     PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____        _____
Dated                                                                 Plaintiff's Signature

_____        _____
First Name                   Middle Initial           Last Name

_____
Prison Address

_____
County, City                                         State                        Zip Code

Date on which I am delivering this complaint to prison authorities for mailing: _____

Page 6