UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JERMAINE BARNES,

                Plaintiff,

-against-

ANN MARIE T. SULLIVAN, Commissioner,
Office of Mental Health,

                Defendant.

23-CV-1138 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is proceeding *pro se* and *in forma pauperis*, filed this complaint alleging that Defendant violated his rights. By order dated February 22, 2023, the Court directed Plaintiff to amend his complaint to address deficiencies in his original pleading. Plaintiff filed an amended complaint on March 7, 2023, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

## STANDARD OF REVIEW

      The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The following facts are taken from Plaintiff Jermaine Barnes's amended complaint. Plaintiff was scheduled to be released from the custody of the New York State Department of Corrections and Community Supervision (DOCCS) on February 26, 2018, the maximum release date for his conviction. (ECF 6 at 4.) Just before his release, on February 2, 2018, the New York State Office of Mental Health (OMH) "caused an Article 10 petition to be filed"; this appears to be a reference to a petition for sex offender civil management under Article 10 of New York's Mental Hygiene Law (MHL). Plaintiff asserts that, because Defendant Ann Marie Sullivan is the OMH Commissioner, she is responsible for "dereliction of duty" for filing the petition "in such close proximity" to his maximum release date. (*Id.*)

Plaintiff was then detained in maximum-security prisons while his state court Article 10 proceedings were pending, "without being charged with a crime." (*Id.*) He spent two months in Green Haven Correctional Facility, from February 26, 2018, to April 26, 2018, and nearly three months at Clinton Correctional Facility, from April 26, 2018 to July 25, 2018. Plaintiff was also detained at West Facility on Rikers Island for five months, from January 9, 2019, to June 27, 2019, "for trial." Plaintiff asserts a claim against Commissioner Sullivan for "false imprisonment," and he seeks $1,500,000 in damages. (*Id.* at 5.)

## DISCUSSION

**A.     Timeliness**

As set forth in the Court's prior order, Plaintiff's Section 1983 claims are time-barred. The statute of limitations for a Section 1983 claim is found in the "general or residual [state] statute [of limitations] for personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). In New York, that period is three years. *See* N.Y. C.P.L.R. § 214(5). Section 1983 claims generally accrue when a plaintiff

2

knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013).

Here, Plaintiff contends that his detention during his sex offender civil management proceedings, after his maximum prison term expired in 2018, was unlawful. Plaintiff knew, or had reason to know, of the injuries that are the basis for this claim when they occurred – in 2018 and 2019. His claims therefore accrued at the latest in 2019. Thus, the three-year limitations period for his claims had already expired on February 5, 2023, when Plaintiff gave his original complaint to prison officials for mailing.

By order dated February 22, 2023, the Court notified Plaintiff that his claims appeared to be untimely and directed him, if he chose to replead his claims in his amended complaint, to include any facts that could establish equitable or statutory tolling of the limitations period. Plaintiff's complaint does not include any facts that could establish tolling of the limitations period. Plaintiff's Section 1983 claims that he was subjected to false imprisonment are therefore dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii), as time-barred. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted.") (internal quotation marks and citation omitted); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal of complaint as frivolous on statute of limitations grounds); *see also Abbas*, 480 F.3d at 640 (concluding that district court should grant notice and opportunity to be heard before dismissing complaint *sua sponte* on statute of limitations grounds).

B. **Claim for damages from state official**

Even if Plaintiff's claims were not time-barred, the Eleventh Amendment bars him from asserting an official-capacity claim for damages, under Section 1983, against a state official. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents . . . that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting Section 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

A claim against the New York State OMH Commissioner in her official capacity is deemed a claim against the State of New York. The Eleventh Amendment bars Plaintiff's Section 1983 claims for damages against Commissioner Sullivan in her official capacity in federal court, and these Section 1983 claims are therefore dismissed.[1]

Plaintiff also does not state a Section 1983 claim against Commissioner Sullivan in her personal capacity, because he does not allege that she had any personal involvement in his detention. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled

---

[1] Plaintiff does not seek prospective injunctive relief, and it appears that none would be available. Plaintiff thus cannot pursue a Section 1983 claim against Commissioner Sullivan under the doctrine set forth in *Ex Parte Young*. *See Ex Parte Young*, 209 U.S. 123 (1908) (holding that state officials are not immune under the Eleventh Amendment from official-capacity claims seeking prospective injunctive or declaratory relief).

in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."); *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020) ("To hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official . . . .").

In his amended complaint, Plaintiff alleges that he sues Defendant Sullivan because "Defendant is the Commissioner [of the New York State OMH] and hence responsible." (ECF 6 at 4.) Plaintiff's assertion that he sues Defendant Sullivan because she is a supervisory official fails to state a claim under Section 1983 on which relief can be granted against Commissioner Sullivan in her personal capacity because Plaintiff does not show that Defendant Sullivan was personally involved in the alleged violations of Plaintiff's rights. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.    Supplemental state law claims**

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms

the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

**D.    Leave to amend**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend and has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

Plaintiff's claims under 42 U.S.C. § 1983 are dismissed as untimely. Plaintiff's official-capacity claims for damages are also barred by Eleventh Amendment immunity. Plaintiff's personal-capacity claims are dismissed for failure to state a claim, 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines, under 28 U.S.C. § 1367(c), to exercise supplemental jurisdiction of any state law claims that Plaintiff may be asserting.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). Judgment shall enter.

SO ORDERED.

Dated:   May 22, 2023
        New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge